**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1303-17T1

EVIN CANLAR, an infant by his
Guardian ad Litem, AYLIN CANLAR
and AYLIN CANLAR and KEMAL
CANLAR, individually,

    Plaintiffs-Appellants,

v.

ESTATE OF EMMANUEL YACOUB, M.D.,
VIVIAN LO, M.D., and ST. BARNABAS
MEDICAL CENTER,

    Defendants-Respondents,

and

VANESSA PARISI, D.O., SONYA
YOUNGREN, M.D., DANIEL
SANSOBRINO, M.D., WOMEN'S FIRST
HEALTH CARE, JOANN TYE, M.D.,
NEW BEGINNINGS OB/GYN, MELANIE
LAGOMICHOS, D.O., EDWARD WOLF,
M.D., NJ PERINATAL ASSOCIATES,
BARNABAS HEALTH, JOHN F.
BONAMO, M.D., KEVIN C. MANGE,
M.D., and RICHARD MILLER, M.D.,

    Defendants.

_____

Argued April 18, 2018 — Decided July 24, 2018

Before Judges Alvarez, Nugent, and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8943-15.

Michael B. Zerres argued the cause for appellants (Blume, Forte, Fried, Zerres & Molinari, PC, attorneys; Robert C. Sanfilippo, on the briefs).

Robert E. Spitzer argued the cause for respondent Estate of Emmanuel Yacoub, M.D. (MacNeill, O'Neill, & Riveles, LLC, attorneys; Lauren K. O'Neill, of counsel; Robert E. Spitzer and Ethan Lillianthal, on the brief).

Alyssa M. Purcell argued the cause for respondent Vivian Lo, M.D. (Giblin Combs Schwartz Cunningham & Scarpa, attorneys; Christina M. Scarpa, on the brief).

Catherine J. Flynn argued the cause for respondent Saint Barnabas Medical Center (DeCotiis, FitzPatrick, Cole & Giblin LLP, attorneys; Catherine J. Flynn, of counsel; Paul J. Miller, on the brief).

PER CURIAM

Plaintiffs Kemal Canlar and Aylin Canlar (Canlar), on behalf of themselves and their son Evin, have sued the named defendants, alleging wrongful birth, wrongful life, medical malpractice, and negligence in connection with their son's birth. On leave granted, they appeal the October 6, 2017 denial of their motion for reconsideration of an April 13, 2017 order. Plaintiffs argue the trial court abused its discretion in barring them access to privileged documents, and barring deposition questioning regarding the alleged drug use and drug treatment history of Emmanuel Yacoub,

2                                                          A-1303-17T1

M.D., whose estate is a named defendant. In addition to other claimed errors, plaintiffs also assert the trial court improperly denied the motion for reconsideration as untimely and made insufficient factual findings. We disagree and affirm.

I.

During her pregnancy, Canlar obtained treatment at defendant St. Barnabas Medical Center (SBMC), where she worked as a nurse. Yacoub and other physicians eventually diagnosed her as suffering from an abrupted placenta. On December 13, 17, 19, and 24, 2013, Yacoub provided medical care and treatment to Canlar.

At deposition, Canlar confirmed Yacoub did not participate in a key decision to discharge her from the hospital after she had been admitted for several days. She testified Yacoub's involvement was limited to the administration and interpretation of two ultrasounds in October and December 2013, as well as the evaluation resulting in her admission to SBMC on December 17, 2013.

On December 24, 2013, at 6:40 a.m., approximately four hours prior to Canlar's discharge, Yacoub noted Canlar should continue to be monitored for bleeding. His shift ended. Following his shift, a Maternal Fetal Medicine Specialist, also a defendant in this case, recommended Canlar be "consider[ed for] discharge home." The attending obstetrician, also a defendant, ultimately made the discharge decision. It is undisputed Yacoub was not on

3

duty when the decision was made, and the record does not indicate he was in any way involved with the discharge decision.

The following day, on December 25, 2013, Canlar returned because she continued to have bleeding. That day, she gave birth prematurely, during her twenty-fourth week of pregnancy. Plaintiffs allege Evin has suffered and will continue to suffer complications from the premature birth.

Yacoub died some two years after being terminated from SBMC. Plaintiffs claim his termination was the result of his drug use and that he was a substance abuser during the time he cared for Canlar. They further aver SBMC is liable for negligent credentialing, supervision, and monitoring of Yacoub.

During discovery, plaintiffs served a notice on SBMC to produce Yacoub's credentialing file and the documents related to his termination. They also demanded the names and addresses of physicians who treated him for his alleged substance abuse problems in the five years prior to the child's birth. SBMC and Yacoub's estate objected to the requests on the grounds that the information was confidential, irrelevant, and privileged. On September 2, 2016, the court partially granted plaintiffs' motion to produce. Plaintiffs thereafter moved to compel more specific answers, and SBMC and the estate filed cross-motions for a protective order. The April 13, 2017 order restricted plaintiffs from further

inquiries into Yacoub's drug treatment history, credentialing files, and the documents related to his termination. A companion order also denied plaintiff's request to compel the estate to turn over the names and addresses of all healthcare providers who had provided treatment to Yacoub related to his alleged substance abuse.

Plaintiffs' counsel inquired during Vivian Lo, M.D.'s deposition regarding Yacoub's alleged substance abuse problems. Lo was directed by her attorney not to answer based on the April 13, 2017 order.

On September 13, 2017, plaintiffs filed a motion for reconsideration seeking to redepose Lo, allowing similar questions to be posed to all the witnesses who had already been deposed and to future witnesses, and modification of the court's April 13, 2017 order to obtain full and complete copies of Yacoub's "personnel, privileges, and credentialing file, as of the time of the delivery in this case." They also sought to have the judge conduct an in camera review of SBMC's privilege log. Lo opposed the application; SBMC and the estate opposed the motion and filed cross-motions for protective orders.

After oral argument, on October 6, 2017, the judge denied plaintiffs' motion for reconsideration. The judge ruled that reconsideration of the April 13, 2017 order was inappropriate

because it was out of time under Rule 4:49-2.[1] Despite that ruling, the judge considered the application on the merits. She observed a motion for reconsideration was not "an opportunity for the moving party to remold their argument to recite the points made in the original motion." She opined plaintiffs' application was merely "some sort of fishing expedition," and her earlier decision was neither palpably incorrect nor irrational. The judge granted defendants' application for protective orders.

Plaintiffs assert four points of error:

> I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT BARRED PLAINTIFFS FROM ALLEGEDLY PRIVILEGED DOCUMENTS, AND, WHEN IT BARRED INQUIRY INTO YACOUB'S DRUG USE AND DRUG TREATMENT HISTORY.

> A. Standard of Review

> B. Our Court Rules mandate the production of a privilege log when a party withholds information otherwise discoverable under these rules by claiming that it is privileged. See R. 4:10-2(e)(1).

> C. "If a claim of privilege is disputed, an in camera review by the court of allegedly privileged material is ordinary the first step in determining the issue."

> II. THE TRIAL COURT ERRED BY FAILING TO MAKE ANY FINDINGS OF FACT, UNDER R. 1:6-2(f) OR R. 1:7-4.

---

[1] Rule 4:49-2's twenty-day time limit does not preclude a judge from reconsidering an interlocutory order. See Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:49-2.

III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT BARRED PLAINTIFFS FROM QUESTIONING AND RE-QUESTIONING CERTAIN WITNESSES, UNDER R. 4:23-1 DESPITE THE IMPROPER OBJECTIONS AND INSTRUCTIONS NOT TO ANSWER BEING MADE AT CERTAIN DEPOSITIONS IN VIOLATION OF R. 4:14-3.

IV. THE TRIAL COURT ERRED IN DENYING THE OCTOBER 6, 2017 MOTION FOR RECONSIDERATION AS BEING UNTIMELY FILED, AND, WITHOUT SUBMITTING ANY FACTUAL FINDINGS OR LEGAL CONCLUSIONS.

A.   Standard of Review.

Because Yacoub was not involved in the decision to discharge Canlar, and in fact recommended continued in-hospital observation of Canlar's condition, he was not involved in the chain of causation she will ultimately have to demonstrate to establish liability.  Thus, we will only reach one of plaintiffs' points.

II.

We typically "defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law."  Capital Health Sys. v. Horizon Healthcare Servs., 230 N.J. 73, 79-80 (2017) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)).  A court "finds an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  U.S.

Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

A trial court's decision on a motion for reconsideration is left "undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

### III.

In our view, all the information plaintiffs seek is simply irrelevant. Plaintiffs offer no factual connection between Yacoub's limited participation in Canlar's treatment and the chain of events leading to the premature birth. He ordered and read two earlier ultrasounds, which plaintiffs do not claim played a role in causation of the injuries. In fact, his final recommendation was for Canlar to continue being monitored, which was not followed. Thus, Yacoub did not play a role justifying more discovery than plaintiffs received.

Discovery, although liberal, is not unbridled and unlimited. Serrano v. Underground Utilities Corp., 407 N.J. Super. 253, 268

(App. Div. 2009); <u>Berrie v. Berrie</u>, 188 N.J. Super. 274, 282 (Ch. Div 1983). Plaintiffs' discovery requests are not reasonably calculated to lead to the discovery of admissible evidence. <u>See</u> <u>Shanley & Fisher, P.C. v. Sisselman</u>, 215 N.J. Super. 200, 215-16 (App. Div. 1987).

We fail to see any abuse of discretion, or misunderstanding or misapplication of the relevant law. The judge explained plaintiffs' inquiry into Yacoub's alleged substance abuse treatment and history "will not lead to any relevant evidence and is completely beyond the scope of discovery contemplated under [<u>Rule</u>] 4:10-2(a)." The judge also noted counsel for the estate certified on September 25, 2017, in support of the application for a protective order, that she reviewed the credentialing files and "there are no documents related to alleged drug use or abuse on the dates upon which Dr. Yacoub rendered care in this matter, specifically, December 13, 2013, December 17, 2013, December 19, 2013, and December 24, 2013." Since we find no abuse of discretion, certainly not the clear abuse of discretion required for reversal of a motion for reconsideration, we deny the appeal and do not reach plaintiffs' remaining issues.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION